IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LIMO LAND, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-03016-SRB |
| | ) | |
| METRO WORLDWIDE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is (1) Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #2), and (2) Plaintiff's Motion for Leave to File Response to Defendants' Motion to Dismiss Out of Time (Doc. #10). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED and Plaintiff's Motion for Leave to File Response is DENIED.

### **I. FACTUAL BACKGROUND**

On November 23, 2020, Plaintiff Limo Land, Inc. ("Plaintiff") filed this lawsuit in the Circuit Court of Greene County, Missouri, against Defendant Metro Worldwide, LLC, Pritchard Companies, Pritchard Auto Company Inc., Pritchard Auto Group, Joseph W. Pritchard, Angela Pritchard Spiteri, and Steven C. Harms, as Trustee, for The Steven C. Harms Revocable Trust (collectively, "Defendants").

The Complaint alleges in part that "an agreement was made between Plaintiff and Defendants wherein Defendants were to deliver chassis' and the parts needed to build a line of buses to Plaintiff. Plaintiff would build buses and deliver said buses to Defendants. Defendants would pay Plaintiff for their services upon receiving the finished product." (Doc. # 1-1, p. 5.)[1]

---

[1] All page citations refer to the pagination automatically generated by CM/ECF. The Court refers to the initial pleading as "Complaint" in order to correspond with the terminology used in the Federal Rules of Civil Procedure.

Plaintiff alleges that it "relied on Defendants' representations to their detriment and suffered damages in that several vehicles were modified as instructed without payment to Plaintiff as represented by Defendants."  (Doc. #1-1, p. 6.)  The Complaint asserts the following claims against all Defendants:  Count I—Unfair Merchandising; Count II—Quantum Meruit; Count III—Breach of Contract; Count IV—Fraud; and Count V—Negligent Misrepresentation.

On January 21, 2021, Defendants removed the case to this Court on the basis of diversity jurisdiction.  Also on January 21, Defendants filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. #2.)  Plaintiff's response to the motion to dismiss was due on or before February 4, 2021, but no response was filed.  On February 12, 2021, this case was reassigned from Magistrate Judge David P. Rush to the undersigned.  On or about February 12, 2021, the undersigned contacted counsel for the parties to determine whether Plaintiff intended to respond to the motion to dismiss.

On February 15, 2021, Plaintiff filed the pending motion for leave to respond to the motion to dismiss out of time.  (Doc. #10.)  The motion for leave is one page long.  It summarily states that allowing Plaintiff to file a response to the motion to dismiss "will not be unfairly prejudicial to either party," that "Plaintiff's claims are meritorious," and that Plaintiff requests a "10-day extension of time to file its response."  (Doc. #10, p. 1.)  Defendants oppose the motion and argue that Plaintiff has failed to show good cause or excusable neglect as required by Federal Rule of Civil Procedure 6(b).

**II.  LEGAL STANDARD**

Plaintiff's motion for leave to respond out of time is governed by Rule 6(b)(1)(B).  In relevant part, this rule provides that "[w]hen an act may or must be done within a specified time,

2

Case 6:21-cv-03016-SRB   Document 15   Filed 03/12/21   Page 2 of 9

the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

"Excusable neglect is an elastic concept that empowers courts to accept, where appropriate, late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quotations and ellipses omitted). To determine whether a party has shown excusable neglect, a court should consider: "(1) the possibility of prejudice to [the non-moving party]; (2) the length of [the moving party's] delay and the possible impact of that delay on judicial proceedings; (3) [the moving party's] reasons for delay, including whether the delay was within [its] reasonable control; and (4) whether [the moving party] acted in good faith." *Id.*

Defendants' motion to dismiss is governed by Rule 12(b)(6). Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Plaintiff's Motion for Leave to File Out of Time.

Upon review, the Court finds that Plaintiff has failed to show good cause or excusable neglect in support of its motion for leave to file out of time. Plaintiff's motion does not explain why it failed to timely file an opposition brief to the motion to dismiss, does not provide any facts in support of excusable neglect, and does not provide any facts that show it acted in good faith. Plaintiff also does not provide any explanation for how its "claims are meritorious." (Doc. #10, p. 1.) Defendants' opposition brief focuses on these deficiencies, yet Plaintiff failed to file a reply brief in support of its motion. Under these circumstances, Plaintiff has wholly failed to show good cause or excusable neglect as required by Rule 6(b)(1)(B). Consequently, Plaintiff's motion for leave to file out of time is denied.

### B. Defendants' Motion to Dismiss.

The Court next considers Defendants' motion to dismiss for failure to state a claim, which moves to dismiss each claim asserted by Plaintiff. This motion is unopposed for the reasons discussed above. However, the Court has reviewed the Complaint and applicable law to determine whether Plaintiff has adequately stated a claim upon which relief may be granted. As explained below, the Court finds that no claim survives the Rule 12(b)(6) analysis.

#### a. Count I—Violation of the Missouri Merchandising Practices Act

Count I asserts a claim under the Missouri Merchandising Practices Act ("MMPA").[2] The MMPA prohibits the "act, use or employment by any person of any deception, fraud . . . misrepresentation . . . or omission . . . in connection with the sale or advertisement of any merchandise in trade or commerce[.]" Mo. Rev. Stat. § 407.020.1. To state a claim under the

---

[2] Based on the Complaint and Defendants' motion to dismiss, the Court assumes that Missouri law applies to each claim asserted by Plaintiff.

MMPA, a plaintiff must adequately allege that it: "(1) purchased merchandise from the defendant; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of defendant's use of one of the methods, acts, or practices declared unlawful by the Act." *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 757 (W.D. Mo. 2015) (citing Mo. Rev. Stat. § 407.025.1)).

When an MMPA claim sounds in fraud, it must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Muhammad v. Pub. Storage Co.*, No. 14-0246-CV-W-ODS, 2014 WL 3687328, at * 3 (W.D. Mo. July 24, 2014) (listing MMPA cases where Rule 9(b) pleading standards were applied to claims sounding in fraud); *Rickey v. Ocwen Loan Servs., LLC*, Case No. 20-CV-06031-SRB, Order, p. 10 (W.D. Mo. May 29, 2020). Rule 9(b) states that when "alleging fraud . . . a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). This requires a plaintiff to "plead the who, what, when, where, and how" of the alleged fraudulent conduct. *Summerhill v. Terminix, Inc.,* 637 F.3d 877, 880 (8th Cir. 2011) (quotations omitted).

Plaintiff's MMPA claim alleges in part that "Defendants' representation that they would timely pay Plaintiff for modified vehicles upon receipt was false and was made knowingly by Defendant or without knowledge as to its truth or falsity and was therefore made with deception, fraud, false pretense, false promise, and misrepresentation" in violation of Mo. Rev. Stat. § 407.020. (Doc. #1-1, p. 6.) However, Defendants argue—and the Court agrees—that Plaintiff fails to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Among other deficiencies, the Complaint fails to allege the time or place of the alleged misrepresentations. The Complaint also impermissibly groups all Defendants together without identifying how each Defendant perpetrated the alleged fraud. *Olin v. Dakota Access, LLC*, 910

F.3d 1072, 1075 (8th Cir. 2018) ("[I]n cases with multiple defendants, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). For these reasons, Count I is dismissed for failure to state a claim upon which relief may be granted.

### b. Count II—Quantum Meruit

Count II asserts a claim for quantum meruit. To state a claim for quantum meruit, a plaintiff must adequately allege: "(1) that it provided the Defendants services at the Defendants' request or with their acquiescence; (2) the services provided were of a certain and reasonable value; and (3) the Defendants refused to pay for such services after demand[.]" *Ronald K. Barker, P.C. v. Walkenhorst*, 547 S.W.3d 782, 785 (Mo. App. W.D. 2018) (alterations omitted).

Defendants argue that Plaintiff has failed to adequately allege these elements. In particular, Defendants argue that:

> Plaintiff alleges that Defendants have been unjustly enriched and that no consideration has been given for Plaintiff's alleged work. (ECF No. 1-1, Petition, ¶ 20.) Plaintiff further alleges that it should be entitled to damages in a just and reasonable amount for the alleged work and 'that no legal reason exists' for Plaintiff to not be paid. (*Id.* at ¶ 22.) Finally, Plaintiff alleges that 'it is unjust and improper for Defendants to not compensate Plaintiff' for its costs for the buses. (*Id.* at ¶ 23.) Based on these conclusory allegations, Defendants do not know what services Plaintiff provided that Defendants requested . . . or acquiesced to.

(Doc. #2, p. 8.)

Upon review of the Complaint, the Court agrees with Defendants. Plaintiff generally recites the elements of a quantum meruit claim but fails to adequately "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash*, 799 F.3d at 960. Additionally, the Complaint impermissibly groups together all Defendants without adequately alleging the acts and/or omissions of each individual

6

Defendant. Consequently, Count II is dismissed for failure to state a claim upon which relief may be granted.

### c. Count III—Breach of Contract

Count III asserts a claim for breach of contract. To state a breach of contract claim, a plaintiff must adequately allege: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 850 (8th Cir. 2014) (applying Missouri law).

The Court finds that the Complaint fails to adequately allege these elements. Most importantly, Plaintiff fails to adequately plead the existence of a valid contract. Plaintiff alleges it had an "agreement" with Defendants, but the alleged agreement is not attached to the Complaint and Plaintiff fails to adequately explain how the agreement constitutes a valid and enforceable contract.[3] (Doc. #1-1, p. 8.) The Court also agrees with Defendants that the Complaint fails to adequately allege "what action (by which Defendant) constituted an alleged breach." (Doc. #2, p. 9); *see Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."). For these reasons, Count III is dismissed for failure to state a claim upon which relief may be granted.

---

[3] Defendants argue that "none of the Defendants have a contract regarding the manufacturing of buses with Plaintiff." (Doc. #2, p. 2.) However, this is a factual argument that cannot be resolved in the Rule 12(b)(6) context. The issue before the Court is whether Plaintiff has adequately alleged the existence of a valid contract.

7

### d. Count IV—Fraud

Count IV asserts a claim for fraudulent representations and omissions. A plaintiff asserting such a claim must adequately allege the following elements:

> (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438-39 (8th Cir. 2013) (citing *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131–32 (Mo. banc 2010)). Under Rule 9(b), these elements must be pled with particularity. Fed. R. Civ. P. 9(b).

As discussed above, the Complaint fails to adequately "plead the who, what, when, where, and how" of the alleged fraudulent conduct. *Summerhill*, 637 F.3d at 880. The Complaint also fails to "inform each defendant of the nature of his alleged participation in the fraud." *Olin*, 910 F.3d at 1075. For these reasons, Count IV is dismissed for failure to state a claim upon which relief may be granted.

### e. Count V—Negligent Misrepresentation

Count V asserts a claim for negligent misrepresentation. This claim contains the following elements:

> (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

*Renaissance Leasing*, 322 S.W.3d at 134.

8

Upon review, the Court finds that the Complaint fails to adequately state a claim for negligent misrepresentation. In particular, the Court agrees with Defendants that "Plaintiff fails to state what information Defendants allegedly misrepresented and fails to identify which Defendant made such a representation." (Doc. #2, p. 10.) Consequently, Count V is dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #2) is GRANTED, and Plaintiff's Motion for Leave to File Response to Defendants' Motion to Dismiss Out of Time (Doc. #10) is DENIED.[4] This case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2021

---

[4] Defendants' request for oral argument on the motion to dismiss is denied as unnecessary and as moot in light of this Order.